**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21203

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| De'Andre D. Wallace, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff De'Andre D. Wallace, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Midland Credit Management, Inc. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Midland Credit Management, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff De'Andre D. Wallace ("Plaintiff") is a natural person who is a citizen of the State of New Jersey residing in Essex County, New Jersey.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Credit Management, Inc. ("Defendant") is a company existing under the laws of the State of California, with its principal place of business in San Diego, California.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, but within a year of this Complaint, the Defendant decided to hire debt collector Pressler, Felt & Warshaw, LLP. (hereinafter "PFW") to attempt to collect the alleged Debt on Defendant's behalf.

20. At all times relevant herein, PFW was acting as a debt collector as that term is defined by the FDCPA.

21. As part of the utilization of PFW, Defendant conveyed information regarding the alleged Debt to the PFW.

22. The information conveyed by Defendant to PFW included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

23. Defendant's conveyance of the information regarding the alleged Debt to PFW is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. PFW then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

25. That letter, dated March 29, 2021, was received and read by Plaintiff.

26. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

27. In its efforts to collect the alleged Debt, Defendant previously sent Plaintiff a collection letter on or about May 19, 2020. (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit 1**.")

28. Approximately 6 months later, Defendant sent a second collection letter on or about October 28, 2020. (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit 2**.")

29. Defendant sent a third collection letter on or about December 3, 2020. (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit 3**.")

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

32. PFW does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

33. Plaintiff never consented to Defendant's communication with PFW concerning the alleged Debt.

34. Plaintiff never consented to Defendant's communication with PFW concerning Plaintiff's personal and/or confidential information.

35. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

36. Upon information and belief, Defendant has utilized PFW for these purposes thousands of times.

37. Defendant utilizes PFW in this regard for the sole purpose of maximizing its profits.

38. Defendant utilizes PFW without regard to the propriety and privacy of the information which it discloses to PFW.

39. Defendant utilizes PFW with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

40. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to PFW.

41. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

42. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

43. Defendant disclosed Plaintiff's private and sensitive information to PFW.

44. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the PFW.

45. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§1692e and 1692f

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

48. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

49. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

50. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

51. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52. In its efforts to collect the alleged Debt, Defendant sent Plaintiff a collection letter on or about May 19, 2020.

53. On the May 19, 2020 letter, Defendant provided the Plaintiff with 3 payment options.

54. Approximately 6 months after, Defendant sent a second collection letter on or about October 28, 2020.

55. The October 28, 2020 letter contains the following language in its letterhead: "Pre-Legal Department," "Notice of Possible Attorney Review," and "MCM's Pre-Legal Department has attempted to contact you regarding this account."

56. The October 28, 2020 letter states the following: "Failure to make a payment or contact us will result in the continuation of the pre-legal review process. After the pre-legal review process, your account may be forwarded to an attorney."

57. The October 28, 2020 letter further states: "If your account is forwarded to an

6

attorney, this may result in a lawsuit against you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law."

58. Defendant sent a third collection letter on or about December 3, 2020.

59. The December 3, 2020 letter contains the following language in its letterhead: "Pre-Legal Notification."

60. The December 3, 2020 letter states the following: "Midland Credit Management, Inc. will transition your account into the attorney review process after 1/2/21."

61. The December 3, 2020 letter further states: "If your account is forwarded to an attorney, this may result in a lawsuit against you. If this process results in litigation, and a judgment is entered against you, the judgement will be enforceable according to state law."

62. Additionally, the December 3, 2020 letter states: "This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action."

63. Defendant's letters on these three separate occasions indicate that legal action will be taken against the Plaintiff.

64. Specifically, the letters dated October 28, 2020 and December 3, 2020 contain suggestive language like "pre-legal notification" and "pre-legal department" in the letterhead.

65. Specifically, the letters dated October 28, 2020 and December 3, 2020 contain language indicating that the likelihood of a "lawsuit" and potential "judgment."

66. Despite the use of such threatening language, the letter sent to Plaintiff dated March 29, 2021 from PFW states: "This communication is from a debt collector. This is an attempt to collect a debt."

67. The March 29, 2021 Letter, although from a law firm, does not contain any

7

language regarding legal action being taken against the Plaintiff.

68. Instead, the Letter appears to be an initial communication regarding the alleged Debt.

69. Moreover, given the fact the collection of this debt was initiated on May 19, 2020 and thereafter initiated again by PFW on March 29, 2021, the Defendant has threatened to take legal action which they do not intend to act upon.

70. As a result, the threat of legal action is a violation of 15 U.S.C. § 1692e(5).

## CLASS ALLEGATIONS

71. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New Jersey.

72. Plaintiff seeks to certify a class of:

> i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

73. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

74. The Class consists of more than thirty-five persons.

75. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

77. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: May 18, 2021

                                      **BARSHAY, RIZZO & LOPEZ, PLLC**

                                      By:  s/ *Todd D. Muhlstock*
                                      Todd D. Muhlstock, of counsel
                                      445 Broadhollow Road | Suite CL18
                                      Melville, New York 11747
                                      Tel: (631) 210-7272
                                      Fax: (516) 706-5055
                                      Our File No.: BRL21203
                                      *Attorneys for Plaintiff*

